# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROSEANNA SAVANNA HUNNICUTT-LOTT,<br><br>            Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 12cv2741-AJB(KSC)<br><br>REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION TO DISMISS<br><br>[Doc. No. 15.] |
|---|---|

Plaintiff Roseanna Savanna Hunnicott-Lott has filed an Amended Complaint seeking judicial review of the dismissal of her request for a hearing on her claim for supplemental social security income and disability insurance benefits under the Social Security Act ("SSA"). [Doc. No. 10.] She asserts jurisdiction under Title 42, United States Code, Section 405(g), of the SSA and Title 42, United States Code, Section 1331. [Doc. No. 10, at pp. 10, at p. 1.]

Defendant Commissioner of Social Security ("Commissioner") has filed a Motion to Dismiss plaintiff's Amended Complaint for lack of subject matter jurisdiction. [Doc. No. 15.] In addition, plaintiff filed a Response to the Motion to Dismiss [Doc. No. 17] and defendant filed a Reply [Doc. No. 18]. For the reasons outlined below, it is RECOMMENDED that the District Court DENY the Motion to Dismiss and REMAND the case to the Commissioner for further consideration.

### *Factual and Procedural Background*

In the Amended Complaint, it is alleged that plaintiff sought benefits under the SSA "due to a combination of mental and physical impairments, including intellectual deficits and chronic pain." [Doc. No. 10, at p. 1.] However, her claim was denied at the initial and reconsideration levels. She then filed a request for hearing in August 2011. [Doc. No. 15-1, at p. 2; Doc. No. 10, at p. 1.] A hearing was scheduled for June 14, 2012 at 10:00 a.m. before an Administrative Law Judge ("ALJ"). [Doc. No. 10, at p. 2; Doc. No. 15-1, at p. 2.]

In the Motion to Dismiss, defendant contends that plaintiff "did not appear at the hearing" that was scheduled for June 14, 2012, even though she was provided with notice advising her that failure to appear could result in a dismissal. Defendant also asserts that a reminder notice was sent to plaintiff about the hearing, and the hearing officer contacted plaintiff's representative about the hearing on June 6, 2012. [Doc. No. 15-1, at p. 2.]

Plaintiff's Response to defendant's Motion to Dismiss and plaintiff's Amended Complaint, which includes an attached affidavit by her attorney, both provide a more detailed account of what took place before and after the time set for the hearing on June 14, 2012. Plaintiff was represented by attorney Chris O'Connor when her application for benefits was filed. [Doc. No. 10, at p. 2.] However, when the hearing was scheduled, Mr. O'Connor arranged for plaintiff to be represented during the hearing by attorney Shaneela Marlett (formerly Shaneela Khan). [Doc. No. 10, at p. 2.] However, plaintiff and Ms. Marlett did not have time to meet in person prior to the hearing date so plaintiff could sign an Appointment of Representative form (SSA-1696) allowing Attorney Marlett to represent her at the hearing. [Doc. No. 10, at p. 2.]

On June 14, 2012, Attorney Marlett arrived at the hearing office at 9:45 a.m., 15 minutes before the hearing was scheduled to begin. [Doc. No. 10-1, Marlett Aff., at p. 2.] At 9:50 a.m., Attorney Marlett was called into the courtroom by the ALJ's monitor. She explained that plaintiff had not yet arrived but was on her way. She also

1  explained that plaintiff would sign the Appointment of Representative form as soon as
2  she arrived. [Doc. No. 10-1, Marlett Aff., at p. 2.] The ALJ indicated he would give
3  plaintiff ten minutes to get to the hearing office. [Doc. No. 10-1, Marlett Aff., at p. 2.]
4       At 10:10 a.m., plaintiff had not arrived, so Attorney Marlett went to the lobby to
5  wait for her. Plaintiff arrived at 10:18 a.m. The security service listed her name and
6  arrival time in a ledger. Plaintiff signed the Appointment of Representative form.
7  Attorney Marlett then wrote a note and sent it in to the ALJ with a signed copy of the
8  form. The note explained that plaintiff had arrived late due to "severe pain" and asked
9  the ALJ not to dismiss the case. [Doc. Nos. 10, at p. 2; 10-1, Marlett Aff., at p. 2; 10-2,
10 at p. 2.] Attorney Marlett also told the ALJ's staff that plaintiff would wait in case the
11 ALJ had time to see her later that day. However, the staff member returned a few
12 minutes later and told Attorney Marlett that the ALJ "refused to hold [plaintiff's]
13 hearing at any time that day." [Doc. No. 10-1, Marlett Aff., at p. 2.] Defendant has not
14 submitted anything to dispute this more detailed recitation of the facts by plaintiff or her
15 attorney.
16      On or about June 25, 2012, the ALJ dismissed plaintiff's hearing request and
17 advised her that she could appeal the dismissal to the Appeals Council. [Doc. No. 15-1,
18 at p. 2; Doc. No. 10, at p. 3; Doc. No. 20, Weigel Decl., Ex.3a, at pp. 25-29.] The
19 Notice of Dismissal advised plaintiff of her right to file an appeal with the Appeals
20 Council. [Doc. No. 20, Weigel Decl., at pp. 25-27.] The ALJ also issued a two-page
21 Order of Dismissal on June 25, 2012 explaining that plaintiff's hearing request was
22 dismissed for failure to show good cause for not appearing at the hearing as scheduled.
23 [Doc. No. 20, Weigel Decl., at pp. 28-29.]
24      Plaintiff filed a request for review of the ALJ's dismissal, but the Appeals
25 Council denied that request on September 26, 2012. [Doc. No. 20, Weigel Decl., at pp.
26 30-32; Doc. No. 15-1, at p. 2.] Next, plaintiff filed the original Complaint in this action
27 on November 12, 2012. [Doc. No. 1.] An Amended Complaint was filed on February 7,
28 2013. [Doc. No. 10.]

## *Discussion*

Citing the Ninth Circuit's decision in *Hoye v. Sullivan*, 985 F.2d 990 (9th Cir. 1990), defendant argues in the Motion to Dismiss that subject matter jurisdiction is lacking under Section 405(g) of the SSA, because plaintiff's hearing request was dismissed, so she did not receive a final decision of the Commissioner after a hearing. Defendant also contends federal subject matter jurisdiction is lacking under Section 1331, because plaintiff has not stated a colorable constitutional claim. Relying on the Ninth Circuit's decision in *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000), plaintiff argues that the District Court has jurisdiction under Section 405(g), because the record shows she exhausted her administrative remedies to the extent possible under the circumstances. Alternatively, plaintiff argues that the District Court has jurisdiction under Section 1331 because she has alleged and supported a colorable constitutional due process claim.

When a defendant files a motion to dismiss under Federal Rule 12(b)(1) and attacks the factual basis for subject matter jurisdiction, the District Court may "look beyond the complaint" and consider affidavits submitted by the parties. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. [Citation omitted.]" *Id.*

Title 42, United States Code, Section 405(g), provides as follows: "Any individual, ***after any final decision of the Commissioner of Social Security made after a hearing*** to which he was a party . . . may obtain a review of such decision by a civil action . . . brought in the district court of the United States . . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as

to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (emphasis added). In addition, Title 42, United States Code, Section 405(h) states that: "No findings of fact or decision of the Commissioner . . . shall be reviewed . . . except as herein provided." 42 U.S.C. § 405(h).

Title 28, United States Code, Section 1331 states that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When jurisdiction is based on a federal question, dismissal is only warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous. [Citation omitted.]" *Safe Air for Everyone v. Meyer*, 373 F.3d at p. 1039.

In the Motion to Dismiss, defendant contends that plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction, because the ALJ's dismissal of plaintiff's hearing request does not constitute a "final decision . . . made after a hearing" under Section 405(g). Defendant's interpretation of Section 405(g) has essentially been endorsed by our Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 108 (1977). In *Califano v. Sanders*, the claimant sought judicial review of a decision "not to reopen a previously adjudicated claim for social security benefits. . . ." *Id.* at 100. The Supreme Court concluded that judicial review was clearly limited "to a particular type of agency action," i.e., a "final decision . . . made after a hearing." *Id.* at 108. Regulations in force at the time allowed petitions to reopen a previously adjudicated claim to be denied "without a hearing." *Id.* Because it did not constitute a "final decision . . . made after a hearing," the Supreme Court concluded that the claimant was not entitled to judicial review of the decision. *Id.*

On the other hand, the Supreme Court in *Califano v. Sanders*, 430 U.S. at 108-109, acknowledged there would be another basis for jurisdiction "notwithstanding the absence of a prior . . . hearing," if the claimant stated a "colorable constitutional claim[]." *Id.* However, subject matter jurisdiction was also lacking under the

1 circumstances of this case, because the claimant did not challenge the dismissal of his
2 disability claim on viable constitutional grounds. *Id.*

3   "The hearing requirement of § 405(g) is intended to ensure that claimants do not
4 bypass the administrative procedures established to resolve their claims. [Citation
5 omitted.]" *McNatt v. Apfel*, 201 F.3d at 1087. In *Hoye v. Sullivan*, 985 F.2d at 990, for
6 example, the claimant's application for disability insurance was dismissed for failure
7 to attend a scheduled hearing. *Id.* The record showed that the claimant was notified of
8 the hearing but refused to attend because of a belief that the ALJ assigned to the case
9 was prejudiced against his attorney. *Id.* The Ninth Circuit affirmed the dismissal for
10 lack of subject matter jurisdiction, stating that the claimant waived his opportunity for
11 a hearing and failed to exhaust his administrative remedies because he refused to attend
12 the hearing. *Id.* The claimant "was then given the opportunity to show 'good cause'
13 for his failure to appear, but his showing was insufficient under 20 C.F.R. § 404.936."
14 *Id.* at 992. He was therefore not entitled to judicial review of the dismissal under
15 Section 405(g). *Id.* Nor was jurisdiction available to the claimant based on a viable
16 constitutional claim, as he "failed to allege facts that would indicate bias on the part of
17 the ALJ or that such bias caused the ALJ to 'arbitrarily and capriciously' dismiss his
18 request for a hearing." *Id.*

19   In the contrasting case cited by plaintiff, *McNatt v. Apfel*, 201 F.3d at 1084, the
20 claimant's attorney appeared at a scheduled hearing without the claimant to request a
21 continuance. *Id.* at 1086. When the attorney was not prepared or authorized to proceed
22 without the claimant, the ALJ said, "I'm going to treat this as a no show by your client."
23 *Id.* The ALJ then advised the attorney that a Notice to Show Cause would be issued and
24 the request for hearing would be dismissed if the claimant did not respond. *Id.* The
25 notice was mailed two days before Christmas, and the claimant was required to respond
26 the day after the New Year's holiday. *Id.* The claimant did not timely respond, so the
27 ALJ dismissed the hearing request. *Id.* The Ninth Circuit distinguished
28 / / /

these circumstances from those at issue in *Hoye v. Sullivan*, 985 F.2d at 990, where the claimant had simply refused to attend the hearing. *McNatt v. Apfel*, 201 F.3d at 1087.

In pertinent part, the Ninth Ciruit in *McNatt v. Apfel*, 201 F.3d at 1087, stated as follows: "[I]t does not follow that because a claimant who refuses to participate in a hearing forfeits judicial review, a claimant who appears at a scheduled hearing through counsel and seeks a continuance also forfeits review. We believe that '[i]t would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing' and that '[t]his concern is heightened where, as here, the claimant alleges that the agency denied him a hearing in violation of its own regulations.' *Howard v. Heckler*, 661 F.Supp. 654, 656 (N.D.Ill.1986). [¶]Accordingly, we hold that when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g)." *McNatt v. Apfel*, 201 F.3d at 1087. The Ninth Circuit then concluded based on the facts and the applicable regulations that the dismissal by the ALJ was in error. *Id.* at 1087-1088.

Here, the facts at issue do not fit squarely under *Hoye v. Sullivan*, 985 F.2d at 990, or *McNatt v. Apfel*, 201 F.3d at 1087. Unlike the plaintiff in *Hoye v. Sullivan*, plaintiff in this case did not refuse to attend a hearing before the ALJ. Unlike the plaintiff in *McNatt v. Apfel*, plaintiff in this case did not appear through counsel of record to request a continuance of the hearing to another date in the future. Instead, she appeared at the scheduled hearing on time through counsel who was not yet "of record" to request a brief continuance while she was en route to the hearing because she was running late "due to severe pain" and was then ready to proceed, albeit 18 minutes late. [Doc. No. 10-1, at p. 2.]

On the other hand, the circumstances at issue here are similar to those considered by the Ninth Circuit in *McNatt v. Apfel*, 201 F.3d at 1087, in one important respect. Plaintiff's Amended Complaint alleges that her request for hearing was dismissed in

violation of Social Security regulations and procedural guidelines as to when a request for hearing can be dismissed for "good cause." [Doc. No. 10, at p. 3-4.] Plaintiff's allegations raise the same concerns expressed by the Ninth Circuit in *McNatt v. Apfel*-- that an ALJ could preclude judicial review for any reason simply by denying the claimant a hearing, even if the reason was in violation of Social Security regulations. *Id.* at 1087. However, it is unnecessary to determine whether *McNatt v. Apfel* applies under the facts and circumstances of this case. As outlined more fully below, the Ninth Circuit recently decided a case that is directly on point.

In *Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013), the claimant's application for disability benefits was denied initially and on reconsideration. *Id.* at 979. The claimant then submitted a request for hearing that was several months late and an explanatory letter outlining the reasons for the untimely request. The letter stated that: "I didn't realize I had to refile in any certain amount of time, and have been very sick and Mother has died of cancer[.] [S]he was my first concern, and now I need help." *Id.* The ALJ dismissed the claimant's hearing request for failure to show good cause, but only cited the statement by the claimant that she did not understand there was a deadline and did not address the other grounds for good cause outlined in the claimant's letter. *Id.* The Ninth Circuit concluded that the ALJ's decision was not subject to judicial review as a final decision under Section 405(g). *Id.* at 980. However, the Ninth Circuit concluded there was an alternate basis for jurisdiction, because the claimant alleged a colorable constitutional claim implicating the right to due process as her claim involved "a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. [Citation omitted.]" *Id.*

According to the Ninth Circuit, due process requires the ALJ to consider all potentially valid reasons for a claimant's untimeliness. *Id.* As examples of good cause for an untimely hearing request, the SSA's regulations included a claimant's serious illness or a death of the claimant's immediate family member. *Id.* "Although the ALJ addressed (and reasonably rejected) the first reason, he did not acknowledge [the

claimant's] other two reasons notwithstanding the SSA regulations. . . . . [W]hen the Commissioner promulgates regulations explaining what circumstances may constitute good cause and an applicant relies on one or more of them in explaining [a] delay, some explanation is required of why the applicant's potentially valid reasons for good cause are rejected." *Id.* at 980-981. According to the Ninth Circuit, "[g]iving an explanation for significant rulings is an important component of due process." *Id.* at 981. "[I]f a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations . . . , then due process requires that the ALJ address it." *Id.* at 982. Because the claimant alleged that the ALJ made a decision without considering all of her reasons in support of a good-cause finding or at least articulating his grounds for rejecting them," the claimant stated a "colorable constitutional due process claim." *Id.* at 981. The Ninth Circuit remanded the matter to the SSA "to further consider [the claimant's] alternative grounds for good cause to file a late request for hearing" on her application for benefits. *Id.* at 982.

Similar to the claimant in *Dexter v. Colvin*, 731 F.3d at 977, plaintiff in this case contends that the ALJ wrongfully dismissed her hearing request in violation of her right to due process because he did not consider or discuss the reasons she presented for not arriving at the hearing on time in his good cause analysis. [Doc. No. 10, at 3-5; Doc. No. 17, at pp. 3, 6-11.] In support of this contention, plaintiff submitted an affidavit by her attorney explaining the circumstances at the time of the hearing [Doc. No. 10-1], along with a handwritten note the attorney presented to a member of the ALJ's staff when plaintiff arrived late for the hearing. The attorney's note states as follows: "As you know claimant arrived at 10:18 a.m. for her 10 a.m. hearing. I was present at 9:50 a.m. but claimant had not signed a 1696 authorizing me to act on her behalf. I am handling this case for attorney O'Conner. Enclosed is the 1696 and fee agreement. Please do <u>not</u> dismiss the case as the claimant has severe pain issues as well as severe depression. She was late due to severe pain and she was slow to get to the courtroom." [Doc. No. 10-2, at p. 2 (emphasis in original).]

The record shows that the ALJ dismissed plaintiff's hearing request pursuant to 20 CFR 404.957(b)(2), because she received adequate notice of the hearing as provided in SSA regulations but failed to timely appear. The ALJ's Order also includes the following reasons for the dismissal: "Neither the claimant nor her previous representative appeared at the hearing. Not until some time after the undersigned declared her to be a no-show did she sign up attorney Khan [Marlett] as her new representative. Thus, until the claimant failed to appear at her hearing and a determination was made to dismiss the appeal, the claimant was not represented by Attorney Khan. [¶]The undersigned has considered the factors set forth in 20 CFR 404.957(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing." [Doc. No. 20, at p. 28.]

In pertinent part, 20 CFR 404.957 states as follows:

> An administrative law judge may dismiss a request for a hearing under any of the following conditions:
>
> \* \* \* \*
>
> (b)(1)    (i) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing . . . and good cause has not been found by the administrative law judge for your failure to appear; or
>
> (ii) Neither you nor the person you designate to act as your representative appears at the time and place for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.
>
> (2) In determining good cause or good reason under this paragraph, we will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have.

20 CFR 404.957.

Defendant's moving and reply papers do not deny that the ALJ received the note from Attorney Marlett with the documents authorizing her to act on plaintiff's behalf stating that plaintiff has "severe pain issues as well as severe depression" and did not arrive on time "due to severe pain." [Doc. No. 10-2, at p. 2.] Under 20 CFR 404.957(b)(2), the ALJ must consider the claimant's physical and mental limitations

in the good cause analysis. Therefore, plaintiff presented two "facially legitimate" reasons that may constitute "good cause" for her failure to timely appear under SSA regulations. Yet, neither was mentioned in the ALJ's Order of Dismissal. As the Ninth Circuit said in *Dexter v. Colvin*, 731 F.3d at 977, "some explanation is required of why the applicant's potentially valid reasons for good cause are rejected." *Id.* at 981.

In addition, 20 CFR 404.957(b)(1)(ii) provides for notice and an opportunity to be heard after a failure to appear. The claimant then has 10 days to "give a good reason for the failure to appear." 20 CFR 404.957(b)(1)(ii). Yet there is nothing in the record indicating plaintiff was afforded this notice and opportunity to be heard after her late appearance on August 2, 2011 was deemed by the ALJ to be a failure to appear.

### *Conclusion*

Based on the foregoing, this Court concludes that plaintiff has stated a colorable due process claim. She has also presented undisputed evidence of a due process violation. Under these circumstances, the Ninth Circuit in *Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013), has held that the proper remedy is not judicial review of the ALJ's good cause determination but a remand to the SSA for further consideration of the claimant's grounds for good cause. *Id.* at 982.

It is therefore RECOMMENDED that the District Court:

1.  DENY defendant's Motion to Dismiss plaintiff's Amended Complaint; and

2.  REMAND the case to the SSA with directions to further consider plaintiff's physical and mental reasons for failing to timely appear at the hearing on August 2, 2011.

This Report and Recommendation is submitted by the undersigned Magistrate Judge to the District Judge assigned to this case, pursuant to Title 28, United States Code, Section 636(b)(1). Any party may file objections with the District Court and serve a copy on all parties "[w]ithin fourteen days after being served with a copy" of

/ / /

/ / /

this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may affect the scope of review on appeal. *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

    IT IS SO ORDERED.

DATED: February 28, 2014

                                      KAREN S. CRAWFORD
                                      United States Magistrate Judge