UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNA SAVANNA HUNNICUTT-LOTT,<br><br>               Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | Civil No. 12cv2741 AJB (KSC)<br><br>ORDER:<br><br>(1) ADOPTING REPORT AND RECOMMENDATION, (Doc. No. 21);<br><br>(2) DENYING DEFENDANT'S MOTION TO DISMISS, (Doc. No. 15); AND<br><br>(3) REMANDING FOR FURTHER PROCEEDINGS. |

On November 12, 2012, Plaintiff Roseanna Savanna Hunnicutt-Lott ("Plaintiff") filed an appeal with this Court against Carolyn W. Colvin, acting Commissioner of Social Security (the "Commissioner"), pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (the "Act"). (Doc. No. 1.) The appeal sought judicial review of an adverse final decision that denied Plaintiff disability insurance benefits under the Act. (*Id.*) Plaintiff filed an amended complaint as a matter of right on February 7, 2013, (Doc. No. 10), and the Commissioner filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction on March 22, 2013, (Doc. No. 15).[1]

---

[1] On November 15, 2012, the matter was referred to Magistrate Judge Karen C. Crawford for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.)

1    On February 28, 2014, Magistrate Judge Karen C. Crawford issued a Report and Recommendation ("R&R").  (Doc. No. 21.)  The R&R recommended that the Court deny the Commissioner's motion to dismiss for lack of subject matter jurisdiction and remand the case to the Social Security Administration for further consideration of Plaintiff's physical and mental reasons for failing to timely appear at the August 2, 2011 hearing.[2] *(Id*. at 11:18-22.)  The R&R further instructed the parties that any objection to the R&R must be served on the Court no later than fourteen days after being served with a copy of the R&R, i.e., **March 14, 2014**, and that failure to file objections by this date time may waive the right to raise those objections on appeal.  *See Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).  As of the date of this order, neither party has filed an objection to the R&R or requested additional time in which to file such objections.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation.  The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Here, as stated above, neither party filed timely objections to the R&R despite being represented by counsel.  Therefore, the Court adopts the R&R in full finding it thorough, well-reasoned, and contains no clear error.  *See* Fed. R. Civ. P. 72(b); *Reyna-Tapia*, 328 F.3d at 1121.  Accordingly, the Court DENIES the

---

[2] "Based on the foregoing, this Court concludes that plaintiff has stated a colorable due process claim.  She has also presented undisputed evidence of a due process violation. Under these circumstances, the Ninth Circuit in *Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013), has held that the proper remedy is not judicial review of the ALJ's good cause determination but a remand to the SSA for further consideration of the claimant's grounds for good cause. Id. at 982."  (Doc. No. 21 at 11:12-17.)

Commissioner's motion to dismiss for lack of subject matter jurisdiction and REMANDS the matter to the Social Security Administration for further consideration in accordance with this order.  The Clerk of Court is instructed to close the case upon remand.

IT IS SO ORDERED.

DATED:  March 20, 2014

                                                Hon. Anthony J. Battaglia
                                                U.S. District Judge