UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNA SAVANNA HUNNICUT-LOTT,<br><br>                               Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                               Defendant. | Case No.:  12cv2741 AJB (KSC)<br><br>**ORDER GRANTING AMENDED PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)(1)**<br><br>(Doc. Nos. 23, 24) |

   Plaintiff's counsel filed a petition and amended petition for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,808.00. (Doc. Nos. 23, 24.) Plaintiff did not file an opposition. Defendant filed a response in its role as "trustee" for Plaintiff without indicating a position on the reasonableness of the request. (Doc. No. 25.) As set forth more fully below, the Court **GRANTS** Plaintiff's counsel's petition for attorney's fees pursuant to 42 U.S.C. § 406(b).

///

///

# BACKGROUND

On November 12, 2012, Plaintiff filed a complaint seeking the Court's review of the Commissioner's decision to deny her benefits under the Social Security Act. (Doc. No. 1.) Plaintiff filed an amended complaint on February 15, 2013, (Doc. No. 10), and the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction on March 22, 2013, (Doc. No. 15). On February 28, 2014, the Magistrate Judge issued a report and recommendation recommending that the Court deny the Commissioner's motion to dismiss and remand the case to the Social Security Administration for further proceedings. (*See* Doc. Nos. 21; 22 at 2.) The Court adopted the report and recommendation in full, denied the Commissioner's motion to dismiss for lack of jurisdiction, and remanded the case for further proceedings. (Doc. No. 22.)

On remand, the Social Security Administration determined Plaintiff became disabled on June 24, 2009, reversing its prior determination. (*See* Doc. No. 24-1.) Plaintiff was awarded $55,232.00 in past due benefits on July 5, 2015. (*Id.*; Doc. No. 24 at 2.) Twenty-five percent of the award, $13,808.00, was withheld from the past due amount owed to Plaintiff for direct payment of attorney's fees by the Social Security Administration. Plaintiff's counsel filed the instant petition seeking that amount pursuant to 42 U.S.C. § 406(b).

# DISCUSSION

Sections 406(a) and (b) of Title II of the Social Security Act govern attorney's fees for representation of disability claimants in front of the Commissioner and in federal court. 42 U.S.C. § 406(a) & (b). Section 406(a) governs fees for representation in administrative proceedings before the Commissioner. 42 U.S.C. § 406(a). Section 406(b) governs fees for representation in the federal courts, and provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by

reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* The United States Supreme Court has held that § 406(b) does not override or displace attorney-client contingency fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002) ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). Rather, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements. *Id.* at 809; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 793, 808) ("a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,'. . .'looking first to the contingent-fee agreement, then testing it for reasonableness.'") Therefore, courts must first look to the contingent-fee agreement, then determine whether the fees are reasonable. *Gisbrecht*, 535 U.S. at 808. In determining whether fees are reasonable, attorney's fees may be reduced based on "the character of the representation and the results the representative achieved." *Id.* Fees may be subject to reduction if the attorney is responsible for delays or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* Courts should also look at the attorney's record of hours worked. *Id.* Section 406(b) requires the Court to conduct an independent check to assess the reasonableness of the fee request in light of the particular circumstances of the case. *Id.*

Plaintiff's counsel argues his representation of Plaintiff before this Court was instrumental in her ultimate receipt of benefits, and that he is entitled to $13,808.00 of the past due benefits awarded to Plaintiff. (Doc. No. 24 ¶¶ 2, 6.) The Court has not awarded Plaintiff's counsel fees under the Equal Access to Justice Act. Plaintiff's counsel relies on the contingent fee agreement entered into between Plaintiff and Plaintiff's counsel, under which Plaintiff's counsel is entitled to twenty-five percent of past due benefits received

by Plaintiff. (*See* Doc. No. 24-2 at 1.) Plaintiff's counsel has included with his motion an itemization of time demonstrating that he spent a total of twenty-six hours working on Plaintiff's case. Taking the total amount of the requested fee, $13,808.00, divided by the number of hours spent by Plaintiff's counsel, establishes an effective hourly rate of approximately $531.00.

Here, there is no indication that a reduction of fees is warranted due to any performance by counsel. The Court has considered the results achieved by Plaintiff's counsel which include not only past-due benefits, but also future on-going benefits, making the value of the Commissioner's favorable decision more than $272,000.00. (Doc. No. 24 ¶¶ 7, 8) (noting Plaintiff's total lifetime award assuming continued disability until age 67 and eligibility for Medicare benefits). The work documented in Plaintiff's counsel's itemization of time also seems reasonable and proportional to the time spend on the case. The effective hourly rate is below those deemed reasonable by other courts. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003); *see also Coffman v. Comm'r of Social Security*, No. CV131242, 2015 WL 5008847 (D. Oregon Aug. 20, 2015) ($643.40 per hour for 31.45 hours of work was reasonable); *Knudsen v. Colvin*, No. CV115093, 2015 WL 4205319 (C.D. Cal. July 10, 2015) (hourly rate of $973.78 for 26.7 hours of work was reasonable); *Crawford*, 586 F.3d at 1145–46, 1153 (approving contingent fee awards that resulted in effective hourly rates of $875, $519 and $813.5 in 2009). In addition, Plaintiff has not filed an opposition to the attorney's fee request. Therefore, after an independent review of the case, the Court concludes that the attorney's fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. *See Hanes v. Colvin*, No. 13CV2625, 2015 WL 5177768, at *1−3 (S.D. Cal. Sept. 3, 2015); *Battle v. Astrue*, No. 11CV829, 2015 WL 2180318, at *2−3 (S.D. Cal. May 7, 2015).

///

///

# CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,808.00.[1] Defendant is directed to disburse the total withheld amount to Plaintiff's counsel.

**IT IS SO ORDERED**.

Dated:  November 18, 2015

Hon. Anthony J. Battaglia
United States District Judge

---

[1] The only difference noted by the Court between Plaintiff's counsel's initial petition for attorney's fees, (Doc. No. 23), and the amended petition (Doc. No. 24), is the inclusion of the contingency fee agreement and itemization of time as attachments, as well as a recognition that a copy of the amended petition for fees was provided to Plaintiff. (*See* Doc. Nos. 23 at 3; 24 at 3.)